**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

BASIA GOSZCZYNSKA a/k/a BARBARA
FEDOROWICZ,

                              Plaintiff,

          -vs-                                    **Civil Action No. 1:22-cv-09345-JHR**

ARCADIA EARTH LLC and
INFORMA MARKETS FASHION
(EAST) LLC

                              Defendants.

**DEFENDANTS ARCADIA EARTH LLC AND INFORMA MARKETS
FASHION (EAST) LLC'S MEMORANDUM OF LAW IN SUPPORT OF
<u>THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................................................... iii

INTRODUCTION ..................................................................................................................... 1

FACTUAL BACKGROUND ..................................................................................................... 3

LEGAL AUTHORITY .............................................................................................................. 5

ARGUMENT ............................................................................................................................. 6

    A.  All Causes of Action Fail to State a Claim Upon Which Relief Can Be Granted ............. 6

        1.  Plaintiff's VARA Claims Are Insufficiently Pled ................................................. 6

        2.  Plaintiff's Conversion Claims Are Insufficiently Pled ......................................... 9

        3.  Plaintiff's Negligence Claims Are Insufficiently Pled ....................................... 10

        4.  Plaintiff's Gross Negligence Claims Are Insufficiently Pled ............................. 12

        5.  Plaintiff's IIED Claims Are Insufficiently Pled .................................................. 13

        6.  Plaintiff's Breach of Contract Claims Are Insufficiently Pled ........................... 15

    B.  Plaintiff's Federal Claims are Implausible and Wholly Devoid of Merit ........................ 17

        1.  Count 1 (VARA) .................................................................................................. 17

CONCLUSION ........................................................................................................................ 19

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Accord Phillips v. Pembroke Real Estate, Inc.*,
    288 F.Supp.2d 89, 97–98 (D.Mass. 2003) .................................................................. 7

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 (2009).................................................................................... 1, 2, 5, 8

*Atuahene v. City of Hartford*,
    10 Fed.Appx. 33, 34 (2d Cir.2001) ............................................................................ 12

*Avazpour Networking Servs., Inc. v. Falconstor Software, Inc.*,
    937 F. Supp. 2d 355, 365 (E.D.N.Y. 2013) ............................................................... 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 570 (2007).................................................................................... 1, 2, 5, 8

*Berman v. Sugo LLC*,
    580 F.Supp.2d 191, 202 (S.D.N.Y. 2008) ................................................................. 15

*Blackhawk Dev., LLC v. Krusinski Constr. Co.*,
    2021 WL 1225917, at *4 (S.D.N.Y. Mar. 31, 2021) ................................................ 11

*Carter v. Helmsley-Spear*,
    861 F. Supp. 303, 313 (S.D.N.Y. 1994) ...................................................................... 7

*Castro v. N.Y.C. Bd. of Educ. Pers.*,
    No. 96-6314, 1998 WL 108004, at *10 (S.D.N.Y. Mar. 12, 1998)........................... 14

*Chanko v. Am. Broad. Companies Inc.*,
    27 N.Y.3d 46, 56 (N.Y. 2016) ................................................................................... 13

*Clark–Fitzpatrick, Inc. v. Long Island R.R. Co.*,
    70 N.Y.2d 382, 390 (1987).......................................................................................... 12

*Dillon v. City of New York*,
    261 A.D.2d 34, 41. (N.Y. App. Div. 1999) ............................................................... 13

*Druschke v. Banana Republic, Inc.*,
    359 F. Supp. 2d 308, 314 (S.D.N.Y. 2005) ............................................................... 13

*Duke Power Co. v. Carolina Environmental Study Group, Inc.*,
    438 U.S. 59, 70, 98 S. Ct. 2620, 57 L.Ed.2d 595 (1978).............................................. 6

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*,
    375 F.3d 168, 177 (2d Cir.2004) ............................................................................... 15

*Fagan v. AmerisourceBergen Corp.*,
    356 F. Supp. 2d 198, 205 (E.D.N.Y. 2004) ............................................................... 10

*Friedman v. Crown Heights Urgent Care Clinic*,
    2022 WL 17415108, at *2 (E.D.N.Y. Dec. 5, 2022) ................................................. 15

*Friedman v. Self Help Cmty. Servs., Inc.*,
    647 F. App'x 44, 47 (2d Cir. 2016) ........................................................................... 13

*Gilson v. Metro. Opera*,
    5 N.Y.3d 574, 576 (2005)........................................................................................... 10

*Hadami, S.A. v. Xerox Corp.*,
    272 F. Supp. 3d 587, 601 (S.D.N.Y. 2017) ............................................................... 11

*Hamilton v. Berretta Corp.*,
   96 N.Y.2d 222, 232, 750 (2001) ................................................................................... 11

*Hyman v. Mashantucket Pequot Indian Tribe of Connecticut*,
   No. 3:21-00459 (KAD), 2022 WL 2078187, at *2 (D. Conn. June 9, 2022) ........................... 6

*Ibraheem v. Wackenhut Servs., Inc.*,
   29 F. Supp. 3d 196, 215 (E.D.N.Y. 2014) ...................................................................... 14

*Impastato v. Hellman Enterprises, Inc.*,
   147 A.D.2d 788, 789 (3rd Dep't 1989) .......................................................................... 15

*IUE AFL–CIO Pension Fund v. Herrmann*,
   9 F.3d 1049, 1056 (2d Cir. 1993) ................................................................................... 6

*Kalisch-Jarcho, Inc. v. City of New York*,
   58 NY2d 377, 385 (1983) ............................................................................................. 13

*Kamen v. American Tel. & Tel. Co.*,
   791 F.2d 1006, 1011 (2d Cir. 1986) ................................................................................ 6

*Martin v. City of Indianapolis*,
   982 F.Supp. 625, 631 (S.D. Ind. 1997) ........................................................................... 7

*McCarthy v. Olin Corp.*,
   119 F.3d 148, 156 (2d Cir. 1997) ................................................................................. 11

*Morrison v. Hoffmann-La Roche, Inc.*,
   2016 WL 5678546, at *6 (E.D.N.Y. Sept. 29, 2016) ...................................................... 11

*Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*,
   14 F. Supp.3d 191, 215 (S.D.N.Y. 2014) ......................................................................... 8

*Moses v. Martin*,
   360 F. Supp.2d 533, 541 (S.D.N.Y.2004) ........................................................................ 9

*Murphy v. American Home Products Corp.*,
   447 N.Y.S.2d 218, 220 (Sup.Ct. New York County) ...................................................... 15

*Navarro v. Federal Paper Bd. Co.*,
   185 A.D.2d 590, 593–94 (3rd Dep't 1992) .................................................................... 15

*Oneida Indian Nation of N. Y. State v. Oneida Cnty., New York*,
   414 U.S. 661, 666 (1974) .............................................................................................. 6

*Pasternack v. Lab'y Corp. of Am.*,
   892 F. Supp. 2d 540, 552 (S.D.N.Y. 2012) .................................................................... 13

*Perpetual Securities, Inc. v. Tang*,
   290 F.3d 132, 137 (2d Cir. 2002) ................................................................................... 6

*Rogers v. Weinberg*,
   No. 10–5678, 2010 WL 5313767, at *1 (E.D.N.Y. Dec. 20, 2010) ..................................... 6

*Schwartz v. Capital Liquidators, Inc.*,
   984 F.2d 53, 54 (2d Cir.1993) ....................................................................................... 9

*Schwartzco Enterprises LLC v. TMH Mgmt., LLC*,
   60 F. Supp. 3d 331, 356 (E.D.N.Y. 2014) .................................................................... 12

*Scott v. Dixon*,
   309 F. Supp. 2d 395, 400 (E.D.N.Y. 2004) ..................................................................... 6

iv

*Simmons v. Cnty. of Suffolk*,
  2015 WL 5794347, at *10 (E.D.N.Y. Sept. 30, 2015) ........................................................ 15

*Sirohi v. Trs. of Columbia Univ.*,
  No. 97-7912, 1998 WL 642463, at *2 (2d Cir. Apr. 16, 1998) .............................................. 15

*Stanback v. JPMorgan Chase Bank, N.A.*,
  2012 WL 847426, at *5 (E.D.N.Y. Mar. 13, 2012) .................................................................. 12

*Steel Co. v. Citizens for a Better Env.*,
  523 U.S. 83, 89 (1998) ............................................................................................................... 6

*Thyroff v. Nationwide Mut. Ins. Co.*,
  460 F. 3d 400, 403–04 (2d Cir. 2006) ....................................................................................... 9

*Town of West Hartford v. Operation Rescue*,
  915 F.2d 92, 100 (2d Cir. 1990) ................................................................................................ 3

*Wells Fargo Bank, N.A. v. HoldCo Asset Mgmt., L.P.*,
  2017 WL 2963501, at *22 (S.D.N.Y. July 11, 2017) .............................................................. 12

*Willner v. Town of N. Hempstead*,
  977 F. Supp. 182, 195 (E.D.N.Y. 1997) .................................................................................. 14

*Zalewski v. T.P. Builders, Inc.*,
  2011 WL 3328549, at *5 (N.D.N.Y. Aug. 2, 2011) ................................................................ 10

**Statutes**

17 U.S.C. § 101 ..................................................................................................................................... 7

17 U.S.C. § 501 ................................................................................................................................ 2, 8

**Rules**

Fed. R. Civ. P. 12(b)(1) & (b)(6) ................................................................................................. 1, 3, 19

v

Defendants Arcadia Earth LLC ("Arcadia") and Informa Markets Fashion (East) LLC ("Informa") (collectively, "Defendants"), by and through their undersigned counsel, hereby move pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) to dismiss the First Amended Complaint ("Amended Complaint") of Plaintiff Basia Goszczynska ("Plaintiff"). Plaintiff's Amended Complaint suffers the same deficiencies as her original Complaint less three causes of action that were withdrawn as wholly inapplicable to this Action and otherwise not recognized under New York law, following Defendants' January 20, 2023 Letter for Premotion Conference. The amended pleading also still includes federal claims that are so implausible and otherwise devoid of merit that they divest this Court of subject matter jurisdiction over them. Because Plaintiff has already once attempted to remedy her pleading deficiencies on consent, to no avail, and since any further attempts to amend the pleading will be futile, Defendants now respectfully move to dismiss the Amended Complaint with prejudice.

## **INTRODUCTION**

Each of Plaintiff's six causes of action remain insufficiently pled under *Iqbal*, *Twombly* and other controlling authority, and otherwise cannot be pled under the operative law of those claims and the facts of this case.

Count 1 (Visual Artists Rights Act, "VARA") fails as a matter of law because Plaintiff does not and cannot allege the paramount element of a VARA claim: that Arcadia and/or Informa destroyed the Subject Work in an intentional or grossly negligent manner. To the contrary, the Amended Complaint makes clear that "Gleam was substantially destroyed by Convention Center personnel…" Amended Complaint at ¶ 31. Plaintiff attempts to overcome this fatal deficiency through what appears to be some vicarious liability theory, suggesting the purported destruction occurred "with the participation of Arcadia Earth and Informa Markets personnel, who <u>actively aided and abetted, and conspired with,</u> Convention Center personnel." *Id*. (emphasis added). But

1

VARA, unlike copyright infringement under 17 U.S.C. § 501, does not confer liability for contributory actions. Even if it did, Plaintiff makes no attempt to explain, let alone sufficiently plead, how Arcadia and Informa each specifically participated and contributed (*e.g.*, "aided and abetted, and conspired") in the destruction of the Subject Work other than the bare and conclusory allegations prohibited by *Iqbal* and *Twombly*. Plaintiff also fails to sufficiently plead that the Subject Work qualifies under the narrow protections of VARA for works of visual art that are recognizable in stature.

Count 2 (Conversion) is insufficiently pled as Plaintiff relies on group pleading without describing how each Defendant is specifically alleged to have converted the Subject Work. The Amended Complaint also makes clear that neither Defendant ever took possession of the Subject Work thereby negating the claim. Indeed, the pleading confirms that Plaintiff left the Subject Work at the non-party Javits Center after she was removed from the premises by NYPD for causing a public disturbance. Neither Defendant owns or operates the Javits Center and therefore never possessed or had dominion over the Subject Work.

Counts 3 and 4 (Negligence and Gross Negligence) fail because Plaintiff does not allege any recognized, extra-contractual duty of care owed to Plaintiff by either Defendant.

Count 5 (Intentional Infliction of Emotional Distress ("IIED")) fails because there are no allegations contained in the pleading which if true, would constitute conduct so outrageous to give rise to a claim for IIED. Instead, Plaintiff's IIED claims rest on purported actions that New York courts routinely reject as basis for such claims, *e.g.*, notifying police or security and the subsequent removal of an individual from a location by the summoned officers.

Count 6 (Breach of Contract – Asserted against Arcadia only) is insufficiently pled since Plaintiff does not and cannot allege: (1) what specific agreement existed between Plaintiff and

Arcadia, and (2) which specific contractual provisions were breached. And even if Plaintiff could produce or reference an existing agreement and point to specific provisions allegedly breached, Plaintiff cannot allege performance as averments in the Complaint foreclose performance.

Plaintiff's federal claims should be also dismissed under Fed. R. Civ. 12(b)(1) as being so "implausible ... or otherwise devoid of merit as not to involve a federal controversy." *Town of West Hartford v. Operation Rescue*, 915 F.2d 92, 100 (2d Cir. 1990). The Complaint itself acknowledges that no defendant directly destroyed the subject work as required under the operative VARA statute. As videos taken from the incident confirm, Plaintiff herself destroyed the Subject Work thereby making her federal VARA claim wholly implausible and without merit.

For these reasons and those set forth below, Defendants respectfully request that the Court grant this motion to dismiss Plaintiff's Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).

## **FACTUAL BACKGROUND**

On September 18, 2022, Plaintiff caused a significant public disturbance prior to the start of the 2022 Coterie Show hosted at the Jacob Javits Convention Center where she was preparing the Subject Work. After becoming belligerent before the show's opening, Plaintiff climbed to the top of an 8-foot installation ladder and began screaming obscenities, yelling incoherently at bystanders and causing public alarm. She then proceeded to destroy the Subject Work she had been assembling—tearing it apart stating "from trash you came and to trash you come back," then later calling herself "Ariel" and telling a representative of Arcadia "I don't need your [expletive] money." Plaintiff's shocking disturbance led non-party Javits Center security to the scene who stated in their internal reports that Plaintiff was:

> [S]tanding on a ladder screaming and tearing plastic from the display. She refuse [sic] to get down. Public safety called NYPD. And the woman was escorted out.

**Decl. Ex. 1**.[1] Video and documentary evidence, which can be considered by this Court for its Rule 12(b)(1) analysis, confirms the above facts and refutes the conflicting factual allegations in the Amended Complaint. Screenshots of those videos shown below paint a far different picture than what Plaintiff describes in her pleading.



---

[1] Defendants submit the Declaration of Todd Nosher in support of their motion. Exhibits to the declaration are cited as "Decl. Ex #" herein.

 

**Decl. Ex. 2**. Security did indeed notify NYPD, who eventually escorted Plaintiff out of the Javits Center. Plaintiff is now looking to turn this self-inflicted incident into a six-count federal case claiming a kitchen sink of alleged violations that are insufficiently pled and warrant dismissal under Rule 12.

## LEGAL AUTHORITY

To survive dismissal, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 55. A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff," but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Id*. Stated differently, although a court must accept as true all of the allegations contained in a complaint, "that tenet is inapplicable to legal conclusions, and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id*. at 72 (quoting *Iqbal*, 129 S. Ct. at 1949). Only a complaint that states a plausible claim for relief survives a motion to dismiss.

Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.*

A federal district court may only exercise subject matter jurisdiction if the federal cause of action alleged is not patently without merit. *Perpetual Securities, Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) (quoting *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 70 (1978)); *see also Oneida Indian Nation of N. Y. State v. Oneida Cnty., New York*, 414 U.S. 661, 666 (1974); *Hyman v. Mashantucket Pequot Indian Tribe of Connecticut*, No. 3:21-CV-00459 (KAD), 2022 WL 2078187, at *2 (D. Conn. June 9, 2022). Dismissal is therefore proper when the federal claim is so insubstantial, implausible or completely devoid of merit. *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 89 (1998); *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2d Cir. 1993); *Rogers v. Weinberg*, No. 10–CV–5678, 2010 WL 5313767, at *1 (E.D.N.Y. Dec. 20, 2010). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court may refer to evidence outside the pleadings. *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

## ARGUMENT

### A. All Causes of Action Fail to State a Claim Upon Which Relief Can Be Granted

Plaintiff's remaining causes of action fall well short of the controlling pleading requirements as follows and should be dismissed in their entirety with prejudice.

#### 1. Plaintiff's VARA Claims Are Insufficiently Pled

Under the Visual Artists Rights Act ("VARA"), a plaintiff must allege that: (1) they are the author; (2) of a work of visual art; (3) that falls within the scope of VARA; (4) that was of recognized stature; and (5) that defendant destroyed in an intentional or grossly negligent manner. *Scott v. Dixon*, 309 F. Supp. 2d 395, 400 (E.D.N.Y. 2004).

6

A work of visual art is "a painting, drawing, print, or sculpture ... signed and consecutively numbered by the author." 17 U.S.C. § 101. Works of recognized stature within the meaning of VARA only include works of artistic merit that have been recognized by members of the artistic community and/or the general public. *Carter v. Helmsley-Spear*, 861 F. Supp. 303, 313 (S.D.N.Y. 1994) rev'd in part and aff'd in part on other grounds, 71 F.3d 77 (2d Cir. 1995).

An artist must show not only the work's artistic merit but also that it has been recognized as having such merit to receive VARA protection. *Accord Phillips v. Pembroke Real Estate, Inc*., 288 F.Supp.2d 89, 97–98 (D. Mass. 2003); *Martin v. City of Indianapolis*, 982 F.Supp. 625, 631 (S.D. Ind. 1997). When determining whether a work of art is of recognized stature under VARA, it is not enough that works of art authored by the plaintiff, other than the work sought to be protected, have achieved such stature. Instead, it is the artwork that is the subject of the litigation that must have acquired this stature. *Phillips*, 288 F.Supp.2d at 98 ("While Plaintiff has achieved some level of local notoriety, that stature is not so great as to afford VARA protection to each and every work she creates."). Dismissal is appropriate for the following reasons in view of this authority.

*First*, the VARA claims fail as a matter of law because Plaintiff does not and cannot allege the most important element of a VARA claim: that Arcadia and/or Informa destroyed the Subject Work in an intentional or grossly negligent manner. Instead, the Amended Complaint explicitly states that "Gleam was substantially destroyed by [non-party Javits] Convention Center personnel…" Amended Complaint at ¶ 31. This fact precludes Plaintiff's claim full stop.[2]

---

[2] This admission is not surprising as Plaintiff, elsewhere in her pleading, admits that she left the Subject Work at the Javits Center which is neither owned, operated or controlled by Defendants.

Plaintiff attempts to overcome this fatal deficiency through what appears to be some conclusory theory of vicarious liability, suggesting the purported destruction occurred "with the participation of Arcadia Earth and Informa Markets personnel, who <u>actively aided and abetted, and conspired with,</u> Convention Center personnel." *Id.* (emphasis added). But VARA, unlike copyright infringement under 17 U.S.C. § 501, does not provide for vicarious liability.

Even assuming *arguendo* that Defendants could be liable for the actions of a third party, Plaintiff makes no attempt to explain, let alone sufficiently plead, how each Defendant specifically contributed to the destruction of the Subject Work other than the foregoing statement—which is a quintessential bare and conclusory allegation prohibited by *Iqbal* and *Twombly*. Defendants should not have to guess at why it should be held responsible for what non-party Javits Center and/or its personnel supposedly did.[3]

*Second*, Plaintiff does not sufficiently plead that the Subject Work is of recognized stature or how "it has stature as a meritorious piece of work," and "recognized by art experts and other members of the artistic community." These threadbare allegations stating unsupported conclusions do not suffice.

And *third*, to the extent that Plaintiff is attempting to allege copyright infringement, Plaintiff does not state that the Subject Work is registered with the Copyright Office.  Indeed, the work does not have a registered copyright and therefore Plaintiff cannot proceed on any alleged copyright infringement claims or try to make such claims under the pretext of a VARA violation.

---

[3] To the extent Plaintiff is attempting to proceed on a theory of agency, more must be pled. *See Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp.3d 191, 215 (S.D.N.Y. 2014) (to survive a motion to dismiss, a plaintiff must make "specific allegations from which an agency relationship can be inferred" and "a simple conclusory allegation to the effect that defendant A acted as defendant B's agent, without more, would not plausibly state an agency relationship") (internal quotation marks omitted).

2.  Plaintiff's Conversion Claims Are Insufficiently Pled

"Conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F. 3d 400, 403–04 (2d Cir. 2006). To withstand a motion to dismiss a conversion claim, a "plaintiff must allege: (1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights.'" *Id.*; *Moses v. Martin*, 360 F. Supp.2d 533, 541 (S.D.N.Y. 2004)). When a defendant's possession of the property is lawful, a conversion does not occur until the defendant refuses to return the property after demand or until he sooner disposes of the property. *Schwartz v. Capital Liquidators, Inc*., 984 F.2d 53, 54 (2d Cir.1993). Indeed, a lawful custodian of property cannot be found to have converted that property until after a demand and refusal.

Plaintiff's conversion claim is based on the vague and conclusory allegations in ¶ 49 of the Amended Complaint reproduced below.

> 49.    Defendants Arcadia Earth and Informa Markets wrongfully converted – and aided and abetted and/or conspired with Convention Center personnel in converting – Plaintiffs artwork by, among other things, intentionally taking, possessing and refusing to return upon reasonable demand Plaintiff's artwork in a manner that interfered with her property rights as the lawful owner of her artwork, and who was also entitled to proper attribution and recognition as the artist.

As a threshold matter, it is unclear from Plaintiff's group pleading which Defendant specifically exercised dominion over the property and how. Accordingly, there is no factual basis necessary to enable Defendants intelligently to prepare their defense. *Zalewski v. T.P. Builders,*

*Inc.*, 2011 WL 3328549, at *5 (N.D.N.Y. Aug. 2, 2011) ("The court will not accept ... vague group pleading to serve as a basis for liability."). Plaintiff's conclusory allegations that Defendants jointly "converted—and aided and abetted and/or conspired with" non-parties without providing further explanation is the type of threadbare recital prohibited by *Iqbal*.

Plaintiff's conversion claims also fail because the pleading itself makes clear that neither Defendant ever took possession or dominion of the Subject Work.  Neither Defendant, as a corollary, could have refused to return the Subject Work. Plaintiff 's own recitation of the relevant events confirms this point, stating in part that:

- "the [non-party convention center] security guards arrived, and told her to stop taking down her artwork, and ordered her to come down off the ladder…" Amended Complaint at ¶30.

- "Plaintiff began to shout over the voices of the Convention Center security personnel…" *Id*.

- "She was then escorted from the Convention Center by security personnel and law enforcement officers [without her artwork]…" *Id*.

Stated differently, Plaintiff acknowledges that she was removed by non-party NYPD and left the Subject Work at the Javits Convention Center which is not owned or operated by either Defendant.  Neither Defendant converted the Subject Work.

3.   Plaintiff's Negligence Claims Are Insufficiently Pled

To plead negligence a plaintiff must allege that a defendant owed a duty to plaintiff and breached that duty, causing injury. *See, e.g., Fagan v. AmerisourceBergen Corp.*, 356 F. Supp. 2d 198, 205 (E.D.N.Y. 2004). "In any negligence action, the threshold issue before the court is whether the defendant owed a legally recognized duty to the plaintiff." *Gilson v. Metro. Opera*, 5 N.Y.3d 574, 576 (2005). To establish a duty claimant must allege a "specific duty" running to that claimant and "not merely a general duty to society." *Hamilton v. Berretta Corp.*, 96 N.Y.2d 222, 232, 750 (2001); *Blackhawk Dev., LLC v. Krusinski Constr. Co.*, 2021 WL 1225917, at *4

(S.D.N.Y. Mar. 31, 2021). Indeed, "the existence of a duty is an essential element of a negligence claim because, '[i]n the absence of a duty, as a matter of law, no liability can ensue.'" *McCarthy v. Olin Corp.*, 119 F.3d 148, 156 (2d Cir.1997).

Plaintiff's negligence claim rests on the vague, unsupported and conclusory statements of the Amended Complaint, reproduced below. The claim fails as a matter of law.

> 53.     Defendants Arcadia Earth and Informa Markets, as custodians of Gleam during the Coterie Show, owed a duty of care to Plaintiff not to unreasonably damage her artwork and to allow Plaintiff reasonable opportunity to remove *Gleam* from the Convention Center.

*First*, a duty to not unreasonably damage artwork and/or to allow the retrieval of goods is not a specific and extra-contractual legal duty recognized under New York Law. There is no freestanding general duty of care to prevent a third party from causing injury to others in New York. *See, e.g.*, *McCarthy*, 119 F.3d at 156; *Hadami, S.A. v. Xerox Corp.,* 272 F. Supp. 3d 587, 601 (S.D.N.Y. 2017). Plaintiff's proffered duty is the type of general duty to society that courts routinely reject. *McCarthy*, 119 F.3d at 156.

*Second*, "Plaintiff's failure to indicate the origins of the purported duty in the complaint renders the negligence and gross negligence cause of action insufficient." *Morrison v. Hoffmann-La Roche, Inc.*, 2016 WL 5678546, at *6 (E.D.N.Y. Sept. 29, 2016).  Plaintiff does not even attempt to explain how or why Arcadia and Informa were each "custodians of Gleam," or why either defendant owed Plaintiff any recognized duty of care.

*Third*, Plaintiff's group pleading fails to distinguish between Arcadia and Informa and fails to describe how each Defendant's particular actions breached an owed-duty owed thereby causing injury. *Schwartzco Enterprises LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 356 (E.D.N.Y. 2014) ("At first glance, it would appear that the Plaintiffs have stated a claim, as required by Rule 8(a),

for gross negligence under New York law. However, where the claim, such as gross negligence, is not rooted in fraud, the Plaintiffs cannot hide behind 'group pleading' of the sort here that fails to distinguish between the defendants."); *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ("by lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy [Rule 8's] minimum standard."); *Zalewski*, 2011 WL 3328549, at *5.

And *fourth*, to the extent Plaintiff is relying on a purported contract as a basis for such duty, Plaintiff did not plead that and a "simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." *Stanback v. JPMorgan Chase Bank, N.A.*, 2012 WL 847426, at *5 (E.D.N.Y. Mar. 13, 2012); *Clark–Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 390 (1987); *Avazpour Networking Servs., Inc. v. Falconstor Software, Inc.*, 937 F. Supp. 2d 355, 365 (E.D.N.Y. 2013) ("the lack of any extra-contractual duty requires dismissal"). Here, the pleading itself concedes that the alleged duty was based in contract thereby sinking the claim. Amended Complaint at ¶ 69 ("Defendant Arcadia Earth breached the contract…in their [sic] intentional abandonment of Gleam that led to its destruction."). Thus, Plaintiff does not—and cannot—allege that she is owed any recognized extra-contractual legal duty by either Defendant and all her negligence claims fail as a matter of law. *Wells Fargo Bank, N.A. v. HoldCo Asset Mgmt., L.P.*, 2017 WL 2963501, at *22 (S.D.N.Y. July 11, 2017).

4.   Plaintiff's Gross Negligence Claims Are Insufficiently Pled

Gross negligence "differs in kind, not only degree, from claims of ordinary negligence…[i]t is conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing," and "betokens a reckless indifference to the rights of others." *Colnaghi, U.S.A., Ltd. v. Jewelers Prot. Servs., Ltd.*, 81 NY2d 821, 823 (1993), *Kalisch-Jarcho, Inc. v. City*

*of New York*, 58 NY2d 377, 385 (1983). Plaintiff's gross negligence claims fail for at least the same reasons as the negligence claims above. *Pasternack v. Lab'y Corp. of Am.*, 892 F. Supp. 2d 540, 552 (S.D.N.Y. 2012) ("Where a claim for ordinary negligence fails, a gross negligence claim necessarily fails."). The allegations also fall well short of reckless disregard or intentional wrongdoing.

5. Plaintiff's IIED Claims Are Insufficiently Pled

Under New York law, "a plaintiff claiming intentional infliction of emotional distress must plead four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Friedman v. Self Help Cmty. Servs., Inc.*, 647 F. App'x 44, 47 (2d Cir. 2016). To survive a motion to dismiss, a complaint must allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Chanko v. Am. Broad. Companies Inc.*, 27 N.Y.3d 46, 56 (N.Y. 2016). The question of whether a pleading adequately alleges such grievous allegations is a question to be determined by the Court. *Druschke v. Banana Republic, Inc.*, 359 F. Supp. 2d 308, 314 (S.D.N.Y. 2005). IIED also requires a pleading of defendants' "intent to cause, or disregard of a substantial probability of causing, severe emotional distress." *Chanko*, 27 N.Y.3d at 56.

The standard for alleging extreme and outrageous conduct is "rigorous, and difficult to satisfy." *Dillon v. City of New York*, 261 A.D.2d 34, 41. (N.Y. App. Div. 1999). Indeed, New York courts are extremely strict in applying the foregoing principles and generally disfavor this tort claim. *Ibraheem v. Wackenhut Servs., Inc.*, 29 F. Supp. 3d 196, 215 (E.D.N.Y. 2014) ("In New York, the tort of IIED is extremely disfavored.").

13

Plaintiff's IIED claims "fail as a matter of law" because "there are no allegations contained in the complaint which, if true, would constitute conduct so outrageous to give rise to a claim for intentional infliction of emotional distress." *Willner v. Town of N. Hempstead*, 977 F. Supp. 182, 195 (E.D.N.Y. 1997). The basis of Plaintiff's claims is set forth in ¶ 62 of the Amended Complaint, reproduced in full below.

> 62.    The conduct of Defendants Arcadia Earth and Informa Markets, when viewed in its appropriate context, amounts to extreme and outrageous conduct. Among other instances, this conduct includes: (a) Arcadia Earth's (through Valentino Vettori) assurances to Plaintiff that she would be permitted to incorporate religious elements into her work going forward; (b) Arcadia Earth's assurances that Plaintiff would not only be provided with a three-day pass to the Coterie Show (in exchange for a discounted price) but also that she would be permitted to present her work as she saw fit at the Show, and (c) Arcadia Earth's subsequent reneging on these assurances and ultimately, in conjunction with Informa Markets, directing that Plaintiff be removed from the venue by Convention Center security personnel and law enforcement officers for exercising her federal and constitutional rights.

These allegations, even assuming they are true for the purposes of the Rule 12 analysis, come nowhere near the pleading standard for IIED. Nor do any of the other allegations listed in elsewhere in the Complaint.

IIED claims resting on calls to the police or removal from a premises are routinely rejected by courts in this state and should likewise be rejected here. *Castro v. N.Y.C. Bd. of Educ. Pers.*, No. 96-CV-6314, 1998 WL 108004, at *10 (S.D.N.Y. Mar. 12, 1998) (dismissing claim where defendant called police to escort plaintiff off school grounds as insufficiently outrageous or extreme); *Simmons v. Cnty. of Suffolk*, 2015 WL 5794347, at *10 (E.D.N.Y. Sept. 30, 2015)

("calling 911 and pointing out [individual] to police officers upon their arrival, are not sufficiently egregious to state a claim for intentional infliction of emotional distress."); *Friedman v. Crown Heights Urgent Care Clinic*, 2022 WL 17415108, at *2 (E.D.N.Y. Dec. 5, 2022) ("Plaintiff's allegations [of calling the police and asking that individual be banned from clinic] taken as true, thus do not go beyond all possible bounds of decency").[4]

Those claims should likewise be rejected here.

6.   Plaintiff's Breach of Contract Claims Are Insufficiently Pled

A breach of contract claim must allege: "(1) the existence of an agreement, (2) adequate performance of the contract by plaintiff, (3) breach of the contract by defendant, and (4) damages." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir.2004). A claim of breach will withstand a motion to dismiss only if plaintiff "allege[s] the essential terms of the parties' purported contract in nonconclusory language, including the specific provisions of the contract upon which liability is predicated." *Sirohi v. Trs. of Columbia Univ.*, No. 97-7912, 1998 WL 642463, at *2 (2d Cir. Apr. 16, 1998). Conclusory allegations that a defendant breached an agreement—like those offered by Plaintiff here—are insufficient to support a breach of contract claim. *Berman v. Sugo LLC*, 580 F.Supp.2d 191, 202 (S.D.N.Y. 2008).

Tellingly, Plaintiff does not attach any purported contact to her pleading. Nor does Plaintiff provide any date of execution, extracted quotes or explicit provisions from the alleged agreement.

---

[4] State court decisions have held the same, finding the following actions as insufficient for IIED. *Navarro v. Federal Paper Bd. Co*., 185 A.D.2d 590, 593–94 (3rd Dep't 1992) (former employee handcuffed and arrested in front of former co-workers after failing to comply with requests to leave place of business); *Murphy v. American Home Products Corp*., 447 N.Y.S.2d 218, 220 (Sup.Ct. New York County) (former employee "placed under guard, barred from saying goodbye to his colleagues, told that his belongings had been taken from his desk ... and publicly escorted out of building"); *Impastato v. Hellman Enterprises, Inc*., 147 A.D.2d 788, 789 (3rd Dep't 1989) (theater patrons arrested and scoffed at by theater crowd after they refuse to comply with theater employee's lawful requests to leave theater).

Instead of these requisite details, Plaintiff merely provides the vague description in ¶ 19 of the Amended Complaint. Plaintiff then states in conclusory terms that Arcadia breached a contract by: (1) "having Plaintiff removed from the Coterie Show," and (2) their [sic] intentional abandonment of Gleam."  Amended Complaint at ¶ 69.

Even taking Plaintiff's allegations as true for the purpose of Rule 12, Plaintiff does not allege any contractual provision that required Arcadia to ensure that Plaintiff remained at the Coterie show or ensure that Plaintiff would not be removed from the show by security or police. Nor does Plaintiff allege any contractual requirement making Arcadia responsible for any post-show care or custodial duties with respect to the Subject Work. Indeed, if Plaintiff is alleging breach based on allegations (1) and (2) above, Plaintiff was required to identify the specific contractual provisions breached because of (1) and (2) above. Plaintiff fails to do so because no such provisions exist, and the Amended Complaint must be dismissed accordingly.

The pleading itself also forecloses Plaintiff's claim of performance. In her description of the purported contract, Plaintiff states that: (1) "Arcadia Earth confirmed with Plaintiff that they were commissioning her to re-show Gleam at the Coterie Show," and (2) "Plaintiff agreed to present the work at the discounted rate of $25,000." Amended Complaint at ¶ 19 (emphasis added). Because no contract is attached to the pleading, Defendants are left with only Plaintiff's vague descriptions.  But even under those vague descriptions, Plaintiff—in her own words—was required to show her work at Coterie.  She failed to do so. Indeed, Plaintiff did not even make it to the show's opening before causing a public disturbance and getting herself removed from the premises

by NYPD. Thus, Plaintiff by her own account, failed to perform under the purported contract because she did not show the Subject Work at Coterie.[5]

### B. **Plaintiff's Federal Claims are Implausible and Wholly Devoid of Merit**

#### 1. Count 1 (VARA)

Under the Visual Artists Rights Act ("VARA"), a plaintiff must allege that among other factors, that a defendant destroyed the work in an intentional or grossly negligent manner. *Scott*, 309 F. Supp. 2d at 400. Not only does Plaintiff fail to state a claim upon which relief can be granted for the reasons above, Plaintiff's VARA claim is so "so insubstantial, implausible…or otherwise completely devoid of merit as not to involve a controversy within the jurisdiction of the District Court." *IUE AFL–CIO Pension Fund*, 9 F.3d at 1056.

Plaintiff suggests that Defendants are vicariously liable for third-party disassembly of the Subject Work at the conclusion of the Coterie Show. But Plaintiff fails to mention her own destruction of the Subject Work during said outburst—removing much of the plastic layering of the work.

Videos of the incident clearly show Plaintiff destroying the Subject Work. **Decl. Ex. 3**. After tearing the work apart and being escorted out of the convention center by NYPD, Plaintiff was then given every opportunity to have her representative(s) oversee any remaining disassembly of the Subject Work by the skilled labor required to do such work under the rules of the Javits Center.  In several communications, two of which are reproduced below, Plaintiff made clear that she was unable to send anyone as requested and consented to the third-party disassembly, explicitly stating "Thank you so much!! I can't send anyone today but trust you will be able to manage." **Decl. Ex. 4**.  Plaintiff gave further instruction to "have the people dismantling the work [to] put

---

[5] Should Plaintiff be permitted to amend her pleading again, Defendants urge the Court to require Plaintiff to provide the alleged contract as an exhibit to any further amendment.

all of my LED lights in the box for me," because Plaintiff "[could] only pick up whatever can fit in [her] truck." **Decl. Ex. 5**. Plaintiff's instructions were followed and the items she requested were returned to her. These acknowledgments, instructions and consent, reproduced in part below, all demonstrate the implausible and meritless nature of Plaintiff's claims and serve as waiver to any rights alleged under VARA.



**From:** Basia Goszczynska <odbasi@gmail.com>
**Date:** September 20, 2022 at 8:17:47 AM EDT
**To:** Lea Lennox <ll@arcadia.earth>
**Cc:** Valentino Vettori <vv@arcadia.earth>
**Subject: Re: Coterie dismantle**


Hi Lea,

Since Val isn't willing to cover the extra cost of me hiring a truck driver (I was originally going to come myself), I can only come pick up whatever can fit on my truck, so basically my LED lights, tools, net, dolly and ladder. Please have the people dismantling the work put all of my LED lights in a box for me. I'll be coming tomorrow morning with my truck and will have Gabi Lesch with me who I will send inside to pick up those few items. All my tools are on one cart in the boneyard and if you could have the lights and net set aside and ready for her to grab that would be appreciated.

Thank you,
Basia

On Mon, Sep 19, 2022 at 1:51 PM Lea Lennox <ll@arcadia.earth> wrote:

  Hello,

  Basia, you will need to have 1 person representing you for the dismantle tomorrow. Can you please let me know who this will be and a contact number?

  Dismantling will begin at 4:00pm till 8:00pm.

  The dismantling will consist of taking down the structure and repackaging all items for pick up on Wednesday.

  I have secured a 10 AM truck time slot. Can you please confirm who will be driving the truck for pick up.

  Best,
  Lea

**Decl. Ex. 4**.

## CONCLUSION

For the foregoing reasons, Arcadia respectfully requests that the Court grant its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Respectfully submitted,

/s/ *Lucian C. Chen*
Lucian C. Chen
Todd M. Nosher
CALHOUN, BHELLA & SECHREST
5 Columbus Circle, 11th Floor
New York, NY 10019
646.819.0401 (Main)
646.819.0407 (Fax)
Lchen@cbsattorneys.com
Tnosher@cbsattorneys.com

Dated: March 7, 2023

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the foregoing motion to

dismiss was served on Plaintiff on March 7, 2023 via CM ECF.

*/s/ Lucian C. Chen*
Lucian C. Chen