**McCALLION & ASSOCIATES LLP**
100 Park Avenue, 16th Floor
New York, New York 10017
Phone: 1-646-366-0884  Fax: 1- 646-366-1384

Kenneth F. McCallion
kfm@mccallionlaw.com

**VIA ECF**

March 14, 2023

Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

                Re: Goszczynska v. Arcadia Earth LLC et al
                Civ. No. 22-09345 – JHR

Dear Judge Reardon:

    As per the Notice of Reassignment dated March 1, 2023, counsel for the parties provide herein a joint status letter regarding the above-referenced matter:

1. **The names of counsel and current contact information**

   a. **Plaintiff's Counsel:**
   Kenneth F. McCallion
   McCallion & Associates LLP
   100 Park Avenue – 16th floor
   New York, New York 10017
   646-366-0884
   kfm@mccallionlaw.com

   b. **Defense Counsel:**
   Lucian C. Chen and Todd M. Nosher
   CALHOUN, BHELLA & SECHREST LLP
   5 Columbus Circle, 11th Floor
   New York, NY 10019
   (646) 819- 0400
   lchen@cbsattorneys.com
   tnosher@cbsattorneys.com

2. **A brief statement of the nature of the claims and the principal defenses**

   a. **Plaintiff's Statement:**

Plaintiff's Amended Verified Complaint alleges that defendants misappropriated and destroyed Plaintiff's artwork, and used it without proper credit or authorization, in violation of the Visual Artists Rights Act of 1990 (VARA), 17 U.S.C. § 106(a) and (b), and in violation of state law, including the conversion of her art works, negligence, gross negligence, intentional infliction of emotional distress, and breach of contract.

Defendant Arcadia Earth commissioned a few of her works, and she made it clear to the principals of Arcadia Earth that her artwork had both a strong environmental as well as Christian component, and that it was likely that any of her future works would have more explicit Christian references. Arcadia Earth often used photographs of her work on their website, Instagram account, etc. without giving her proper accreditation, and she noted her objection to such unauthorized/unaccredited use.

During the summer of 2022, Arcadia Earth confirmed with plaintiff that they were commissioning her to re-show one of her works, *Gleam,* at the Coterie Show at the Javits Convention Center in New York, the premier trade event for contemporary women's apparel. Plaintiff agreed to do the work at a discounted rate, upon the representation by Arcadia Earth that she would be allowed to represent herself and her art throughout the entire show, which was scheduled to begin on or about September 17, 2022. On the first day of the show, plaintiff was working on the completion of the installation of her sculptural work while openly talking to her colleagues and people who passed by about her Christian ideas and beliefs, which had inspired her artwork and which she incorporated into her creative work.

The principal of Arcadia Earth (Valentino Vettori) told plaintiff to stop speaking about her Christian beliefs, and kept referring to her artwork as "my booth," suggesting that Arcadia Earth had ownership of her artwork and could dictate how it was presented, i.e., without any commentary from her about the Christian theme and message she was trying to convey through her artwork. Vettori became upset and told her that he did not want her at the show and that he was going to ask the show's directors (the Informa defendant) to have her expelled, which he did. Plaintiff did not want to leave without her artwork, so she started dismantling it. She feared that if she left without her artwork, it would be destroyed, which is what happened. After climbing a ladder and speaking out about her belief, she finally reluctantly agreed to be escorted from the Javits Center.

Even through Arcadia Earth still owned her $10,000, which was the balance of the $25,000 discounted rate she had agreed to install her artwork at the show, Arcadia Earth refused to pay the $2000 it would cost to rent a truck and driver in order to dismantle the artwork at the end of the show. Plaintiff did not have the money to hire the truck and driver to do it, so she was just able to collect some of her tools, etc. but not the artwork, which was substantially discarded at

the end of the show. Plaintiff not only lost her artwork, but she was also denied the opportunity to circulate freely during the entire time frame of the show to promote herself and her artwork. She also suffered severe emotional distress and damage to her reputation and business as an artist.

### b. Defendants' Statement

The Coterie New York fashion show occurred in September 2022 at the Jacob Javits Center, and Plaintiff was scheduled to present a version of her Gleam artwork at the show. On the first day of the show, September 18, Plaintiff came to inspect and finalize the work, which was assembled by union labor at the site. She became agitated climbed an eight foot standalone ladder and began to scream belligerently, referencing the show, Arcadia Earth, and her religious views in abusive and offensive language. Numerous video and photographic records of this outburst were captured.

At that time, upon the ladder, Plaintiff began to destroy the work, tearing large pieces from it. After being asked to come down from the ladder, show security called NYPD, who responded and escorted Plaintiff out of the venue. Plaintiff was then afforded the opportunity to appoint a representative to oversee dismantling of the work. She did not appoint anyone and requested only the lights, net and tools from the installation, these were returned to her promptly.

When Defendants received notice of this action, there were originally nine claims pled: (1) Visual Artist Rights Act of 1990; (2) § 1983 claims; (3) conversion; (4) civil theft; (5) negligence; (6) gross negligence; (7) tortious interference with business relations; (8) IIED and (9) breach of contract as to Arcadia only. Defendants advised in a Letter for Premotion Conference that: § 1983 claims require state action; NY does not recognize civil theft as a cause of action; and tortious interference of business relations requires an existing business relationship, whereupon Plaintiff withdrew those claims.

As for Plaintiff's six remaining causes of action, the amended complaint remains deficiently pled and containing federal claims that are implausible and devoid of merit thereby divesting this court of subject matter jurisdiction over the same. Defendants reserve all rights as to defenses and affirmative defenses that it may plead when required to do so. And, at least one or more defendants intend to bring counterclaims against Plaintiff.

This case was originally before Judge Edgardo Ramos and Magistrate Judge Gabriel W. Gorenstein. Defendants have not yet filed an answer in this action.

### 3. Jurisdiction:

### a. Plaintiff's position

Plaintiff asserts that this Court has both subject matter jurisdiction under VARA and diversity jurisdiction, in that the parties are citizens of different states.

4. **A statement of all existing deadlines, due dates, and/or cut-off dates**

Plaintiff's Opposition to Defendants' Motion to dismiss due 3/28/2023;
Defendants' Reply is due 4/4/2023

5. **Any Previously Scheduled Conferences**: N/A

6. **A brief description of any outstanding motions, including the date such motions were filed and the nature of the relief sought;**

On January 20, 2023, Defendants filed a letter requesting a premotion conference for their anticipated motion to dismiss Plaintiff's Complaint. A premotion conference was held on February 10, 2023, where: (1) Plaintiff agreed to withdraw certain claims, (2) Defendants consented to Plaintiff filing an amended complaint, (3) and a briefing schedule was set. Defendants filed their motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) on March 7. Defendants contend that Plaintiff's six remaining causes of action remain are still insufficiently pled under *Iqbal, Twombly* and other controlling authority, and otherwise cannot be pled under the operative law of those claims and the facts of this case. Defendants also seek dismissal of Plaintiff's lone federal claim (alleging violations of the Visual Artists Rights Act "VARA") under Fed. R. Civ. 12(b)(1) as being so implausible or otherwise devoid of merit as not to involve a federal controversy. The remaining briefing schedule is listed in response to Question 4 supra.

7. **Any pending appeals:** N/A

8. **Status of Discovery**: Additional discovery is necessary for all parties.

9. **A brief description of the status of prior settlement discussions, without disclosing exact offers and demands.**

   a. **Plaintiff's Position**:

Plaintiff is open to good faith settlement discussions, and would welcome the assistance of a Magistrate Judge in that regard.

   b. **Defendants' Position:**

Defendants received Plaintiff's settlement position today. One or more Defendants will likely bring counterclaims in this case which will now be included in the Parties upcoming settlement discussions, if any.

10. **A statement of whether the parties have discussed employing alternative dispute resolution mechanisms and whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) the retention of a private mediator would be productive and, if**

**so, when (e.g., within the next 60 days, after the deposition of the plaintiff is completed, at the close of fact discovery, etc.);**

   a. **Plaintiff's Position:**

Plaintiff is amenable to ADR, including settlement discussions before a Magistrate Judge.

   b. **Defendants' Position**:

Defendants may be amenable to alternative dispute resolution after the pleadings phase.

**11. An estimate of the length of trial:**

3-5 days

**12. Any Additional Information**: N/A

                  Respectfully submitted,

                  McCALLION & ASSOCIATES LLP

                  */s/ Kenneth F. McCallion*

                  _____
                  By: Kenneth F. McCallion
                  Attorneys for Plaintiff
                  100 Park Avenue – 16th floor
                  New York, New York 10007
                  (646) 366-0884

                  CALHOUN, BHELLA & SECHREST LLP

                  */s/ Lucian C. Chen*

                  _____
                  By: Lucian C. Chen
                  5 Columbus Circle, 11th Floor
                  New York, NY 10019
                  (646) 819-0400

                  Attorneys for Defendants