UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BASIA GOSZCZYNSKA a/k/a BARBARA FEDOROWICZ,

Plaintiff,

-v.-

ARCADIA EARTH LLC and INFORMA MARKETS FASHION (EAST) LLC,

Defendants.

---

22 Civ. 09345 (JHR)

OPINION & ORDER

JENNIFER H. REARDEN, District Judge:

Plaintiff Basia Goszcyznska, also known as Barbara Fedorowicz, brings this action under

the Visual Artists Rights Act of 1990 ("VARA"), 17 U.S.C. § 106A, and New York common

law for alleged misappropriation and destruction of her sculpture, *Gleam*, at a trade show in

Manhattan. Before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint

pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 39

(Mot.). For the reasons that follow, Defendants' motion is GRANTED.

## I.      BACKGROUND[1]

Plaintiff is a New York City-based artist who aims to use her work to highlight the

importance of creating and maintaining a sustainable environment. ECF No. 29 (Am. Compl.)

¶ 2. She works in sculpture and other art forms and incorporates recycled plastic and other

discarded items into her works. *Id.* Defendant Arcadia Earth, LLC ("Arcadia Earth") is a

---

[1] "The following facts are taken from [Plaintiff's Amended] Complaint and are assumed true for purposes of resolving this motion to dismiss." *Saiti v. Century Mgmt.*, No. 23 Civ. 9591 (JPO), 2025 WL 579962, at *1 (S.D.N.Y. Feb. 21, 2025). As for Defendants' extrinsic documents purporting to challenge factual allegations in the Amended Complaint, *see* ECF No. 41, "it is axiomatic that the Court cannot consider a defendant's factual assertion in support of a motion to dismiss." *Uni-World Capital L.P. v. Preferred Fragrance, Inc.*, No. 13 Civ. 7204 (PAE), 2014 WL 3900565, at *8 (S.D.N.Y. Aug. 8, 2014) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)). The Court does not do so here.

Delaware company that houses Plaintiff's *Rainbow Cave* work in a permanent art exhibit space in Manhattan. *Id.* ¶ 3. Defendant Informa Markets Fashion (East) LLC ("Informa Markets") is a Delaware company that owns and operates shows and exhibitions. *Id.* ¶ 4.[2] One show was the Coterie Show in September 2022, which featured Plaintiff's sculpture *Gleam*. *Id.*

Plaintiff first became associated with Arcadia Earth in June 2019, when she agreed to create an immersive space using the same technique as her plastic bag sculptures. *Id.* ¶ 10. Plaintiff then conceptualized the *Rainbow Cave* artwork. *Id.* ¶ 11. In July and August 2019, Plaintiff produced the *Rainbow Cave* (edition #1) at the Arcadia Earth New York exhibition space. *Id.* ¶ 12. In May 2021, Arcadia Earth commissioned Plaintiff to present *Rainbow Cave* (edition #3) at the Ithra Museum in Saudi Arabia. *Id.* ¶ 15. At the time, Plaintiff alleges that she experienced a rebirth and resurgence of her Christian beliefs. *Id.* After returning to New York, Plaintiff advised Arcadia Earth Founder Valentino Vettori that the Christian references in her work were likely to be more explicit, and Vettori assured her this would be "no problem." *Id.* After that discussion, in November 2021, Arcadia Earth commissioned Plaintiff to present *Rainbow Cave* (edition #4) at its new location in Las Vegas, Nevada. *Id.* ¶ 17.

*Gleam*, the piece at issue here, first appeared in June 2022, when Arcadia Earth commissioned Plaintiff to present it at the Marquis Marriott Hotel in Times Square for $50,000. *Id.* ¶ 18. On August 30, 2022, Arcadia Earth commissioned Plaintiff "to re-show *Gleam* at the Coterie Show, the premier trade event for contemporary and advanced contemporary women's

---

[2] Although Plaintiff refers to Defendants at times as "corporation[s]," Am. Compl. ¶¶ 3-4, she also acknowledges that they are formed as limited liability corporations. Am. Compl. at 1, ¶¶ 3-4. Limited liability companies are not treated as "corporations" for purposes of determining citizenship. *See, e.g., Techno-TM, LLC v. Fireaway, Inc.*, 928 F. Supp. 2d 694, 696 (S.D.N.Y. 2013) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52-53 (2d Cir. 2000) (noting that the "citizenship [of an LLC] for diversity purposes is the citizenship of its members").

apparel . . . to take place at the Javits Convention Center." *Id.* ¶ 19.  Plaintiff agreed to present

the work at the discounted rate of $25,000, in light of Arcadia Earth's "assur[ances] that the

networking opportunities for [Plaintiff] at the show would more than make up for the . . . .

discounted fee." *Id.*  Plaintiff also asserts that Arcadia Earth "promised" that she would have the

opportunity to "represent herself and her art throughout the entire show." *Id.*  On September 15,

2022, the installation of *Gleam* began at the Javits Center, with the process continuing until the

show opened on September 18, 2022.  *Id.* ¶¶ 21-23.

Between 8:00 and 9:00 a.m. on September 18, 2022, as Plaintiff finished installing

*Gleam*, she was "openly talking with her colleagues and people who passed by about her ideas

and [religious] beliefs." *Id.* ¶ 24.  Shortly thereafter, Vettori allegedly "directed [Plaintiff] not to

talk about her faith." *Id.* ¶ 25.  Later that morning, Vettori approached Plaintiff again and said

that "he didn't want her at the [Coterie] show at all and that he was going to ask the directors of

the show to have her expelled." *Id.* ¶ 26.  When Vettori and Marco Innocenti, an Informa

Markets employee, adamantly insisted that Plaintiff be ejected from the event, she reluctantly

agreed, even as she urged that Arcadia Earth and the Coterie Show organizers (i.e., Informa

Markets) were breaching their agreement with her.  *Id.* ¶ 28.  "Vettori and Innocenti insisted that

she leave her artwork behind," *id.*, and when Plaintiff declined to vacate the premises without

*Gleam*, Vettori and the Coterie Show directors called for the assistance of Javits Center security

officers.  *Id.* ¶ 30.  In response, Plaintiff climbed up her ladder and started taking down her work.

*Id.*

When the security guards arrived and told Plaintiff to stop taking down her artwork, "she

grew even more emotionally upset and tried to explain to them that the artwork was hers and that

she was taking it down for good reason." *Id.*  People associated with the Coterie Show, Arcadia

Earth, and the Convention Center told Plaintiff that she could not continue taking down her

work.  *Id.*  After a small crowd had gathered, "Plaintiff began to shout . . . because she wanted witnesses to see what was happening to her."  *Id.*  Plaintiff was informed that the police had been called, and because she did not feel safe descending the ladder without the police present, she passed the time by preaching to the crowd.  *Id.*  The police eventually arrived, and Plaintiff was escorted from the Convention Center by security personnel and law enforcement officers.  *Id.*  Plaintiff alleges that after she was ejected from the Coterie Show, *Gleam* was substantially destroyed by Convention Center personnel.  *Id.* ¶ 31.  She goes on to claim that Arcadia Earth and Informa Markets personnel actively aided and abetted and/or conspired with Convention Center personnel in this destruction.  *Id.*  ¶¶ 31, 37.  In the end, Plaintiff was only able to recover a few remnants of her work.  *Id.* ¶ 31.

Plaintiff initiated this action on November 1, 2022, seeking compensatory and putative damages.  ECF No. 1 (Compl.).[3]  She filed the Amended Complaint on February 16, 2023.  Am. Compl.  Defendants moved to dismiss.  ECF No. 39.  After the instant motion was fully briefed, Plaintiff amended her Opposition ("Opp.").[4]

## II.    LEGAL STANDARDS

"Where, as here, the defendant moves for dismissal under Rule 12(b)(1), as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined."  *Saint-Amour v. Richmond Org., Inc.*, 388 F. Supp. 3d 277, 286 (S.D.N.Y. 2019) (resolving Rule 12(b)(1) challenge before adjudicating Rule 12(b)(6) motion).

---

[3] This case was originally assigned to the Honorable Edgardo Ramos and later reassigned to this Court.

[4] All references to Plaintiff's Opposition are to the Amended Opposition, ECF No. 53.

**A.  Lack of Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1)**

"The party that invokes the Court's jurisdiction bears the burden of establishing that jurisdiction exists."  *Gershowitz v. Griv*, No. 24 Civ. 1915 (PAE), 2025 WL 2170773, at *3 (S.D.N.Y. July 31, 2025) (quoting *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009)). "Rule 12(b)(1) requires dismissal of an action when the district court lacks the statutory or constitutional power to adjudicate it."  *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019).  Subject matter jurisdiction in federal court only lies when a federal question is presented, 28 U.S.C. § 1331, or when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  *Id.* § 1332. "Where a plaintiff brings claims premised on federal statutes, a district court has jurisdiction, and a motion to dismiss based on lack of subject matter jurisdiction is properly denied unless the allegations are 'frivolous on their face,' and the alleged federal question is 'so plainly insubstantial as to be devoid of any merits and thus [does] not present[] any issue worthy of adjudication.'"  *Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp. 2d 385, 390 (S.D.N.Y. 2006) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1189, 1190 (2d Cir.1996)). Where a plaintiff brings claims premised on the Court's diversity jurisdiction, "[t]here must be complete diversity of citizenship between all plaintiffs and all defendants."  *Hoguet Newman Regal & Kenney LLP v. Lowe*, No. 21 Civ. 1048 (VSB), 2021 WL 4638539, at *1 (S.D.N.Y. Oct. 6, 2021) (citing *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 119 (2d Cir. 2014)).

When a district court has original jurisdiction over a certain claim, it may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367.  But "[t]he decision to exercise supplemental

jurisdiction over a state law claim is by nature discretionary." *McKenzie v. Big Apple Training, Inc.*, No. 22 Civ. 9554 (GHW), 2024 WL 1746057, at *11 (S.D.N.Y. Apr. 23, 2024).  "Both the Second Circuit and the Supreme Court have 'held that when the federal claims are dismissed the state claims should be dismissed as well.'" *Id.* (quoting *In re Merrill Lynch Ltd. P'ships Litig.,* 154 F.3d 56, 61 (2d Cir. 1998)).

**B.  Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6)**

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (internal quotation marks omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020).

### III.    DISCUSSION

#### A. Subject Matter Jurisdiction

Plaintiff cites three alleged bases for the Court's subject matter jurisdiction.  First, she argues that her claim "arise[s] under the Visual Artists Rights Act of 1990," Am. Compl. ¶ 5, creating a federal question under 28 U.S.C. § 1331.  Second, Plaintiff asserts that the parties are "citizens of different states," permitting jurisdiction based on complete diversity.  *Id.* ¶ 6.  Third, presuming that the Court has jurisdiction to hear her federal claim, Plaintiff requests that the Court exercise supplemental jurisdiction over her state law claims.  *See id.* ¶ 8.

The VARA claim presents a federal question.  As detailed below, however, that claim

fails under Rule 12(b)(6).  Regarding the state law claims, Plaintiff has not alleged diversity of

citizenship, and the Court declines to exercise supplemental jurisdiction.

### i. Federal Question Jurisdiction

Defendants argue that this Court cannot exercise federal question jurisdiction because

"Plaintiff's VARA claim is 'so insubstantial, implausible . . . or otherwise completely devoid of

merit as not to involve a controversy within the jurisdiction of the District Court.'"  ECF No. 40

(Br.) at 22 (quoting *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2d Cir.

1993)).  But "[t]his is a high burden for the defendants to meet."  *IUE AFL-CIO Pension Fund*, 9

F.3d at 1056.

"A claim is not insubstantial merely because it relies upon a tenuous legal theory or is

otherwise likely to fail."  *Mosher v. Veyda*, No. 22 Civ. 9632 (CS), 2024 WL 4932621, at *4

(S.D.N.Y. Dec. 2, 2024) (*citing Adams v. Suozzi*, 433 F.3d 220, 225 (2d Cir. 2005)).  Instead, the

claim must be "so insubstantial, implausible, foreclosed by prior decisions of the Supreme Court,

or otherwise completely devoid of merit as not to involve a federal controversy."  *Id.*  For

example, "fantastical claims" are generally deemed "insufficiently substantial to support federal

court jurisdiction."  *Belcher v. Wells Fargo Bank N.A.,* 377 F. App'x 59, 60 (2d Cir. 2010)

(upholding dismissal of claim that plaintiff was "defrauded . . . by an ill-assorted group of

conspirators, including . . . the Attorney General of the United States").  Plaintiff avers that

*Gleam* "is a sculpture, existing in a single copy only," and thus satisfies the definition of a "work

of visual art" under VARA.  Am. Compl. ¶ 34.  She further alleges that Defendants violated her

"attribution and integrity rights" and "intentionally distorted, mutilated, and otherwise modified"

*Gleam* "by presenting it at the exhibition in a manner prejudicial to Plaintiff's honor and

reputation."  *Id.* ¶ 36.  Plaintiff also asserts that Defendants violated VARA "through their

intentional and/or grossly negligent destruction of *Gleam*." *Id.* ¶ 37. Although the Court

ultimately holds, as set forth below, that Plaintiff has failed to allege that Defendants' conduct

violated VARA, the claim does not "sink to the level of absolutely devoid of merit or

inescapably frivolous." *Mosher*, 2024 WL 4932621, at *4. Accordingly, the claim "meets the

standard necessary to [] give[] the [] Court subject matter jurisdiction." *Adams*, 433 F.3d at 225;

*see also Silberman v. Innovation Luggage, Inc.*, No. 01 Civ. 7109 (GEL), 2023 WL 1787123, at

*14 (S.D.N.Y. Apr. 3, 2003) (finding VARA claim that was dismissed on Rule 12(b)(6) motion

"not entirely frivolous" for Rule 11 purposes, even though Plaintiff's argument did not "make[]

common sense in light of the statute's purposes."); *Paushok v. Ganbold*, No. 20 Civ. 4769 (JPC),

2021 WL 1063206, at *7 (S.D.N.Y. Mar. 18, 2021), *aff'd*, 2022 WL 1421844 (2d Cir. May 5,

2022) (holding "the Court is unable to conclude that [plaintiff's federal] claim is so patently

without merit as to justify . . . the court's dismissal for want of jurisdiction" under Rule 12(b)(1),

even though plaintiff "failed to plausibly allege" a federal claim for purposes of a 12(b)(6)

motion).

      **ii.**      **Diversity Jurisdiction**

Plaintiff also alleges that the Court "has diversity jurisdiction over this matter since the

Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds

the sum or value of $75,000.00, exclusive of interest and costs." Am. Compl. ¶ 6. But Plaintiff

falls short of pleading complete diversity.

Plaintiff states that she "is a citizen of New York State, and the Defendants are citizens of

Delaware," *id.*, but this does not accurately describe Defendants' citizenship. As an initial

matter, although Plaintiff avers that both Defendants are "corporations," *id.* ¶¶ 3-4, she also

refers to Defendants as limited liability companies ("LLCs"). *See* Am. Compl. at 1, ¶¶ 3-4.

For purposes of diversity jurisdiction, "a limited liability company . . . is deemed to be a citizen of each state of which its members are citizens." *Price v. Hale Glob.*, No. 24 Civ. 2826 (JMF), 2024 WL 4555942, at *1 (S.D.N.Y. Oct. 23, 2024) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000)).  Citizenship is "determined as of the time this action was commenced." *Techno-TM, LLC*, 928 F. Supp. at 696.  A party's citizenship, including the citizenship of an LLC's members, "must be affirmatively pled." *Prospect Funding Holdings, LLC v. Fennell*, No. 15 Civ. 4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see also Flemming v. Port Auth. of New York & New Jersey*, No. 21 Civ. 1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021) ("It is not enough to allege, in conclusory fashion, that none of a[n] LLC's members are citizens of the same state as [the opposing party].").  Moreover, "a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC." *Price*, 2024 WL 4555942, at *1.  Plaintiff has not done so.  Thus, if Defendants are indeed LLCs, as the case caption reflects, then Plaintiff has failed to affirmatively plead the citizenship of each member as required.

Even if the Defendant organizations were corporations, however, and not LLCs, complete diversity still does not lie.  For purposes of diversity jurisdiction, a corporation is "a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).  Although Plaintiff avers that each Defendant is a "Delaware corporation," Am. Compl. ¶¶ 3-4, she does not identify either Defendant's principal place of business.  *See Jenkins v. Virgin Atlantic Airways, Ltd.*, 46 F. Supp. 2d 271, 274 (S.D.N.Y. 1999) ("Allegations as to the state of incorporation and

9

the principal place of business must appear on the face of the complaint lest the court

erroneously exercise jurisdiction where complete diversity is lacking.").

In sum, "[P]laintiff[] bear[s] the burden of making a preponderance showing . . . of

'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all

defendants." *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017).

Plaintiff has failed to do so.

### iii.    Supplemental Jurisdiction

In the absence of complete diversity, Plaintiff may only bring her state common law

claims in federal court if the Court exercises supplemental jurisdiction.

"[I]n the usual case in which all federal-law claims are eliminated before trial, the

balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the

remaining state-law claims." *Dos Santos v. Assurant, Inc.*, 625 F. Supp. 3d 121, 137 (S.D.N.Y.

2022) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see also Kolari

v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 123 (2d Cir. 2006) (dismissing state law claims

brought in conjunction with a dismissed VARA claim).[5]

Applying this standard, the Court "declines to exercise supplemental jurisdiction" over

Plaintiff's state law claims. *Cummings v. City of New York.*, No. 19 Civ. 7723 (CM), 2021 WL

1664421, at *3 (S.D.N.Y. Apr. 28, 2021).  No "clearly articulated federal interest" remains, and

"[t]he Court has not invested the judicial resources necessary to resolve [the] non-federal claims

---

[5] The terms "supplemental jurisdiction" and "pendent jurisdiction" are often used
interchangeably.  *See, e.g. Langella v. Mahopac Central Sch. Dist.*, No. 18 Civ. 10023 (NSR),
2023 WL 2529780, at *6 (S.D.N.Y. Mar. 15, 2023) (discussing that "[a] federal district court
may decline to exercise *supplemental* jurisdiction over state-law claims" and concluding that,
"[b]ecause Plaintiff's federal claims have been dismissed with prejudice, this Court declines to
exercise *pendent* jurisdiction over Plaintiff's state law claims." (emphasis added)).

or even determined whether the [Amended] Complaint adequately pleads them." *Id.* at *2-3

(internal quotation marks omitted); *see also TRB Acquisitions LLC v. Yedid*, No. 20 Civ. 552

(JMF), 2021 WL 293122, at *2 (S.D.N.Y. Jan. 28, 2021) (after dismissal of federal claim, "the

traditional values of judicial economy, convenience, fairness, and comity that the Court must

consider [did] not counsel in favor of exercising jurisdiction" (internal quotation marks

omitted)).  Accordingly, the Court "dismisses [the state law claims] without prejudice to the

claims being refiled in a court of competent jurisdiction." *Cummings*, 2021 WL 1664421, at *3;

*see Jusino v. Fed. of Catholic Teachers, Inc.*, 54 F.4th 95, 106 (2d Cir. 2022) ("dismissals for

lack of subject[-]matter jurisdiction must be without prejudice").

## B.  Plaintiff's VARA Claim

"Congress enacted VARA in 1990 as an amendment to the Copyright Act 'to provide for

the protection of the so-called "moral rights" of certain artists.'" *Hayden v. Koons*, No. 21 Civ.

10249 (TMR), 2025 WL 605009, at *10 (S.D.N.Y. Feb. 25, 2025) (Judge Reif, sitting by

designation pursuant to 28 U.S.C. § 293(a)) (quoting *Pollara v. Seymour*, 344 F.3d 265, 269 (2d

Cir. 2003)).  "Moral rights, which are of relatively recent vintage in American jurisprudence,

'afford protection for the author's personal, non-economic interests in receiving attribution for

her work, and in preserving the work in the form in which it was created, even after its sale or

licensing.'" *Kerson v. Vermont Law Sch., Inc.*, 79 F.4th 257, 263 (2d Cir. 2023) (quoting

*Pollara*, 344 F.3d at 269).  VARA grants artists of protected works three rights: "the right of

attribution, the right of integrity and, in the case of works of visual art of 'recognized stature,' the

11

right to prevent destruction."[6]  *Carter*, 71 F.3d at 83.  The attribution right grants the author[7] of a

work the right "to claim authorship of that work" and "to prevent the use of his or her name as

the author of any visual art which he or she did not create."  17 U.S.C. § 106A(a)(1)(B).  "The

right of attribution generally consists of the right of an artist to be recognized by name as the

author of his work or to publish anonymously or pseudonymously."  *Castillo v. G&M Realty*

*L.P.*, 950 F.3d 155, 165 (2d Cir. 2020) (quoting *Carter*, 71 F.3d at 81).  The integrity rights

include the "right to prevent the use of his or her name as the author of the visual work of art in

the event of a distortion, mutilation, or other modification of the work which would be

prejudicial to his or her honor or reputation," *id.* § 106A(a)(2), and the right to "prevent any

intentional distortion, mutilation, or other modification of that work which would be prejudicial

to his or her honor or reputation."  *Id.* § 106A(a)(3)(A).  And the "destruction right" grants

authors the right to "prevent any destruction of a work of recognized stature, and any intentional

or grossly negligent destruction of that work is a violation of that right."  *Id.* § 106A(a)(3)(B).

Plaintiff asserts three distinct theories under VARA, corresponding to these three rights.[8]

---

[6] For the first time on reply, Defendants argue that Plaintiff failed to plead that *Gleam* is a "work of visual art" that is eligible for protection under VARA.  *See* ECF No. 51 at 2-3.  Defendant does not cite any authority in support of that argument, and in any case, "[i]t is well-established that arguments raised for the first time in a movant's reply are waived."  *Parnass v. Brit. Airways, PLC*, No. 19 Civ. 04555 (MKV), 2021 WL 4311342, at *7 (S.D.N.Y. Sept. 21, 2021). Even if this argument were not waived, it rests on a misreading of 17 U.S.C. § 101, which defines a "work of visual art" as "a painting, drawing, print, or sculpture, existing in a single copy."  Plaintiff's allegation that *Gleam* is a "sculpture" that exists "in a single copy only," Am. Compl. ¶ 34, therefore suffices.  *See, e.g.*, *Flack v. Friends of Queen Catherine Inc.*, 139 F. Supp. 2d 526, 533 (S.D.N.Y. Apr. 19, 2001) (finding that a "sculpture, existing in a single copy . . . meets the positive definition of 'a work of visual art,'" pursuant to 17 U.S.C. § 101).

[7] Under VARA, an artist in any medium is referred to as the "author."

[8] Defendants argue that "Plaintiff cannot proceed on any alleged copyright infringement claims or try to make such claims under the pretext of a VARA violation" because *Gleam* does not have a registered copyright.  Mot. at 13.  Copyright registration is not required to bring a claim for violation of rights under VARA.  *See* 17 U.S.C. § 411(a) ("Except for an action brought for a

### i.    Plaintiff's Attribution Claim

Plaintiff alleges that "Defendants flagrantly and repeatedly used photographs and images of Plaintiff's artwork on their websites and other media materials without proper attribution or credit to Plaintiff, in violation of her VARA moral right to attribution."  Am. Compl. ¶ 42. Plaintiff's claim for attribution fails.

First, Plaintiff does not allege that Defendant Informa Markets used photographs of her work or that any such use was without proper attribution.  Thus, to the extent that a VARA attribution claim is brought against Informa Markets, that claim cannot stand.

Second, Plaintiff's allegation that Defendant Arcadia Earth "use[d] photographs of Plaintiff's work, *Rainbow Cave*, on its website and Instagram account without proper accreditation," Am. Compl. ¶ 16 (emphasis added), is insufficient.  "VARA expressly provides that the statute's rights of attribution do not apply to 'any reproduction, depiction, portrayal, or other use of a work in, upon, or in any connection with any item' excluded from the definition of a work of visual art under subparagraph (A)."  *Oliver v. Meow Wolf, Inc.*, No. 20 Civ. 237 (KK) (SCY), 2023 WL 5002462, at *13 (D.N.M. Aug. 3, 2023) (quoting 17 U.S.C. §106A(c)(3)). "The foregoing makes plain that VARA rights of attribution do not apply to the alleged reproductions at issue here—i.e., images of [the work] on a website and in advertising and social media posts."  *Id.; see also Silberman*, 2003 WL 1787123 at *5 (deeming VARA inapplicable to computer scan of "a picture in a marketing catalogue of a mass-produced poster"); *Martin v. Walt Disney Internet Grp.*, No. 09 Civ. 1601 (MMA), 2010 WL 2634695, at *5 (S.D. Cal. June

---

violation of the rights of the author under section 106A(a), . . . no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.").  In any event, because Plaintiff has not asserted a claim for copyright infringement, the Court does not address this argument.

30, 2010) (dismissing VARA attribution claims based on reproduction of photograph in magazine because "the original or limited edition [work] . . . garners the rights VARA bestows"). Accordingly, Plaintiff's "claim[] that Defendants violated her VARA rights by failing to properly attribute the alleged reproductions listed in her amended complaint fail as a matter of law." *Oliver*, 2023 WL 5002462, at *14.

### ii.    Defendants' Intentional Acts Under 17 U.S.C. § 106A(a)(3)(A)

In the Second Circuit, a plaintiff asserting a cause of action under Section 106A(a)(3)(A) must plead both "(1) an intentional distortion, mutilation, or other modification to a work and (2) prejudice to his or her honor or reputation as a consequence thereof." *Kerson*, 79 F.4th at 269. Plaintiff fails to plead the first element.

Plaintiff avers that Defendants "modified Plaintiff's sculpture *Gleam* . . . by preventing Plaintiff from presenting Gleam . . . in a manner consistent with her artistic vision and indeed presenting it in her absence in the vision of Arcadia Earth[.]" Am. Compl. ¶ 36.  This allegation rests on the premise that *Gleam* was "stripped of any faith-based environmental dimension" when Plaintiff was not permitted to present her work personally.  Opp. at 13; Am. Compl. ¶ 28.

The Second Circuit has described "modification" in the context of VARA as "connot[ing] a change to a work of art that somehow adulterates the viewing experience." *Kerson*, 79 F.4th at 267.  But "a modification '*which is the result*' of a public presentation-related decision is not an actionable modification pursuant to § 106A(a)(3)(A)." *Id.* at 268.  Put another way, "[p]resentation is left to the exhibitor; VARA only ensures that the Work is not mutilated or destroyed by [the exhibitor]." *Bd. Of Managers of Soho Int'l Arts Condo. v. City of New York*, No. 01 Civ. 1226 (DAB), 2003 WL 21403333, at *10 n.14 (S.D.N.Y June 17, 2003).  Thus, Plaintiff's claim that Defendants modified *Gleam* by preventing her from presenting the

sculpture personally at the Javits Center amounts to a non-actionable presentation decision that was "left to the exhibitor." *Id.* at \*10 n.14.

### iii.    Destruction of a Work of Recognized Stature

Finally, Plaintiff alleges that Defendants violated Section 106A(a)(3)(B) of VARA "through their intentional and/or grossly negligent destruction of *Gleam* . . . a work of visual art of recognized stature." AC ¶ 37.  To state a claim under Section 106A(a)(3)(B), a plaintiff must plead that "(1) the Sculpture is a 'work of recognized stature,' and (2) that the Defendants destroyed the Sculpture in an intentional or grossly negligent manner." *Scott v. Dixon*, 309 F. Supp. 2d 395, 400 (E.D.N.Y. 2004).  Plaintiff has not pled the first element.

"Works of a recognized stature, within the meaning of VARA, are those works of artistic merit that have been 'recognized' by members of the artistic community and/or the general public." *Id.*; *Castillo*, 950 F.3d at 166 (2d Cir. 2020).  In the Second Circuit, a plaintiff must make "a two-tiered showing: (1) that the visual art in question has 'stature,' i.e., is viewed as meritorious, and (2) that this stature is 'recognized' by art experts, other members of the artistic community, or by some cross-section of society." *Carter v. Helmsley-Spear, Inc.*, 861 F. Supp. 303, 325 (S.D.N.Y. 1994), *aff'd in part, vacated in part, rev'd in part*, 71 F.3d 77 (2d Cir. 1995). "[T]he recognized stature requirement is best viewed as a gate-keeping mechanism—protection is afforded only to those works of art that art experts, the art community, or society in general views as possessing stature." *Id.; see also Cohen v. G & M Realty L.P.*, 988 F. Supp. 2d 212, 215 (E.D.N.Y. 2013) ("Whether a protected work is of recognized stature is best viewed as a gate-keeping mechanism." (cleaned up)).

Plaintiff pleads that Arcadia Earth "commissioned [her] to present *Gleam*" in June 2022, then recommissioned her in August 2022 to "re-show *Gleam* at . . . the premier trade event for contemporary and advanced contemporary women's apparel." Am. Compl. ¶¶ 18-19.  But

Plaintiff does not cite any authority for the proposition that the commission or recommission of a

work suffices to demonstrate a work's "stature," assessed by reference to its "high quality, status,

or caliber that has been acknowledged as such by a relevant community." *See Castillo*, 950 F.3d

at 166; *see also Carter*, 861 F. Supp. at 325 (defining "stature"). The Amended Complaint

details various accolades for Plaintiff's other works, such as *Rainbow Cave. See, e.g.*, Am.

Compl. ¶¶ 12-17. Those allegations also fall short. "It is not enough that works of art authored

by the plaintiff, other than the work sought to be protected, have achieved [recognized] stature."

*Scott*, 309 F. Supp. 2d at 400. "Instead, it is the artwork that is the subject of the litigation that

must have acquired this stature." *Id.* Even assuming that "Plaintiff has achieved some level of

local notoriety, that stature is not so great as to afford VARA protection to each and every work

she creates." *Id.* Thus, Plaintiff has failed to adequately plead that *Gleam* is a work of

recognized stature, entitled to protection under Section 106A(a)(3)(B). Accordingly, Plaintiff's

claim "must be dismissed." *Scott*, 309 F. Supp. 2d at 395 ("In view of the holding that the

Sculpture was not a work of recognized stature under VARA, it was not protected by the section

of VARA sued upon.").[9]

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. Plaintiff's VARA

claim is dismissed with prejudice.[10] The Court declines to exercise supplemental jurisdiction

---

[9] Although Plaintiff argues that *Gleam* was "specifically commissioned by Polygon Studios," Opp. at 16, no party addresses whether the work was a "work made for hire" and thus "excluded from the definition of a work of visual art" that is protected under VARA. *Carter*, 71 F.3d at 85 (citing 17 U.S.C. § 101). In light of the Court's conclusion on other grounds that Plaintiff has failed to plead that *Gleam* is protected by VARA, the Court does not reach this issue.

[10] "To be sure, the 'usual practice' in this Circuit is to permit amendment of the complaint upon granting a motion to dismiss, particularly where the possibility exists that the defect can be cured." *Jiajia Luo v. Sogou, Inc.*, 465 F. Supp. 3d 393, 415 (S.D.N.Y. 2020) (citing *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)). "But the courts do not grant leave to amend

over Plaintiff's remaining state law claims, which are accordingly dismissed without prejudice.

Plaintiff "is at liberty to pursue these in state court." *Dos Santos*, 625 F. Supp. 3d at 139.

 The Clerk of Court is directed to close this case.

 SO ORDERED.

Dated: September 30, 2025
   New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

---

without limits. At some point, defendants are entitled to be free from litigation." *Id.* In this case, before Defendants filed the instant motion, the parties exchanged pre-motion letters and participated in a pre-motion conference before Judge Ramos. *See* ECF Nos. 24, 25, 26, and 27. Following the pre-motion conference, Plaintiff was granted leave to amend her complaint. *See* ECF No. 28. Plaintiff was thus "on notice of the defects in [her] pleading[] when Defendants moved to dismiss." *Jiajia Luo*, 465 F. Supp. 3d at 415. Moreover, Plaintiff "do[es] not ask to replead" at this juncture, and she has "identif[ied] no facts [she would] assert by way of further amendment that could cure th[e] defects" in the Amended Complaint. *Id.* In light of the foregoing, the VARA claim "must now be dismissed with prejudice." *Id.; see also Sodhi v. Gentium S.p.A.*, No. 14 Civ. 287 (JPO), 2015 WL 273724, at *9 (S.D.N.Y. Jan. 22, 2015) (commenting that plaintiff is "not entitled to an advisory opinion from the Court informing [him] of the deficiencies in the complaint and then an opportunity to cure those deficiencies" (citation omitted)).